STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Appeal of | } | Docket No. 87-5-99  Vtec |
| Pearl Street Mobil, by Fred Loyer | } | |
|  | } | |

Decision and Order on Cross-Motions  for Partial Summary Judgment

Appellant Fred Loyer, doing business as Pearl Street Mobil, appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Burlington denying its application for conditional use approval for the installation of a canopy over existing gas pumps and to replace an existing non-complying sign.  Appellant is represented by Brian P. Hehir, Esq.; the City of Burlington is represented by Joseph E. McNeil, Esq. and Kimberlee J. Sturtevant, Esq.  The parties have filed cross-motions for partial summary judgment on Questions 14 and 15 of the Statement of Questions: (14) Whether any applicable Zoning Ordinance limitation on the enlargement of a pre-existing non-conforming use should be calculated using the entire area of Appellant's service station dedicated for business use and (15) whether the proposed canopy is an accessory use under the Burlington Zoning Ordinance.

Appellant owns a gas and service station (Pearl Street Mobil) located on the corner of Pearl Street and Hungerford Terrace in the Residential High Density (RH) zoning district of the City of Burlington.  Pearl Street Mobil is a non-conforming use as a gas station is not an allowed use in this zoning district.  The entire lot is approximately 11,808 square feet in area; prior to 1987 the lot coverage was 100%, of which the building occupied 1440 square feet and the remainder was pavement or parking.

In January of 1987, the Appellant received a zoning permit to construct a 360 square  foot addition to the building.  The "description" section of the application stated in full: "To construct a 12' x 30' addition as an expansion of 25% of a non-conforming use. (Lot is currently at 100% coverage)."  The application was approved with conditions.

In December, 1998, Appellant  applied for the zoning permit at issue in this appeal:

1

to install a 61' x 36' canopy over the existing gas pumps, to replace an existing sign, and to install landscaping at the base of the sign. The application described the lot as 11,808 square feet, with a principal structure of 1800 square feet, and described the lot as "all paved except principal structure." Any change or modification to a nonconforming use requires conditional use approval under §20.1.5 of the Burlington Zoning Ordinance. Section 20.1.6(b) allows a nonconforming use to be enlarged within the existing lot "by up to an aggregate of twenty-five per cent (25%) of the floor area, building or structural capacity existing at the time that the use first became nonconforming."

The proposed canopy is not a change in the nonconforming use, but it is an enlargement of a structure containing a nonconforming use. 24 V.S.A. §4408(b). Compare, also, In re Appeal of Miserocchi, Docket No. 99-166 (Vt. Supreme Ct., Jan. 28, 2000). Accordingly, it comes within the provisions of §20.1.6 of the Zoning Ordinance.

Section 20.1.6

The City argues that §20.1.6 provides authority only for a one-time enlargement, and that Appellant used its allotment in the permit for the 1987 addition. Section 20.1.6 does not limit an applicant to a one-time enlargement, as long as the extent of the enlargement does not use up the 25% expansion allotment. The plain language of §20.1.6 allows enlargement of up to an aggregate or total of 25%, not only of the existing floor area, but of the structural capacity existing at the time the ordinance took effect which made the use nonconforming.

However, nothing in §20.1.6 supports measurement of the 25% allotment by the square footage of the entire parcel, even though it all is or was paved. Rather, the expansion allotment is to be measured by 25% of the original building, or of the aggregate of the original building and any then-unused structural capacity[1].

---

[1] This term is not defined by the ordinance, but in the context it must mean the amount of additional structure which would have been able to have been built in conformance with the zoning ordinance (as to setback, lot coverage, and similar dimensional limitations) at the time the use became nonconforming. It is not clear to the court whether the structural capacity of this site can be determined from the information provided with the motions for summary judgment. Accordingly, for the purposes of the remainder of today's decision, we will use the then-existing building

2

The original building was 1440 square feet, 25% of which is 360 square feet. The 1987 addition in fact did use up all of the expansion allotment. Accordingly, no expansion allotment remains under §20.1.6 for Appellant to use for a canopy. Of course, if Appellant wishes to install a canopy over each of the existing islands, and not exceeding their area, he may apply to do so under §20.2.5, without implicating §20.1.6(b).

Accessory Use

Appellant also contends that the canopy is an accessory building or use, and is therefore a permitted use under §5.1.10. First, the Zoning Ordinance cannot be interpreted to yield an absurd result. If the principal use is non-conforming in a particular district, then a use or structure accessory to it must also be non-conforming, even though it is subordinate and incidental to that principal non-conforming use. As a change or modification to a non-conforming use, it would fall within §20.1.5 whether it is defined as accessory or principal.

Second, the canopy proposed in the present application is not subordinate in area or extent to the principal use or building. Not only does it exceed 25% of the area of the principal building, at 2196 square feet it is a third larger than the area of the principal building on the lot. It does not qualify for approval as an accessory building.

Even if it were accessory, because the use to which it is accessory is a nonconforming use, it would have to be approved as an expansion of a nonconforming use under §20.1.6

Accordingly, based on the foregoing, both parties' motions for partial summary judgment are granted in part and denied in part. The 1987 permit does not preclude the proposed canopy from being analyzed under §20.1.6; however, the 1987 application used up the 25% expansion allotment (unless the lot had excess structural capacity beyond the 1440-square-foot building existing at that time); and the canopy does not qualify for a

---

(1440 square feet) as the measure of the expansion allotment. Appellant may move to amend this decision and supplement his summary judgment to support any argument of unused structural capacity with appropriate facts.

permit as an accessory use or structure.

The Court will schedule a telephone conference on March 3, 2000 to discuss whether  and which issues remain for trial or whether Appellant wishes to file any supplementary motions as discussed in the footnote to this decision.

Done at Barre, Vermont, this 23rd  day of February, 2000.

_____
Merideth Wright
Environmental Judge